EDWIN M. BARSTOW *v.* WILLIAM THATCHER and ALBERT THATCHER trading under the name of W. & A. THATCHER.

If it is the practice or usage of a party in his business without any special or express agreement on the subject, to sell certain articles at six months credit, and they were so sold to the other party without any agreement or understanding between them for a longer or an indefinite credit on them, he will be entitled to recover interest from the time when the six month's credit expired.

What is understood among merchants generally, as rebatement or discount on mercantile accounts in such cases, is nothing more than certain deductions in price usually allowed by a merchant to his customer, or one who is in the practice of dealing with him.

If the contract for the purchase of the goods is made in New York, the rate of interest to be allowed by the jury, is seven, but if made in this State, it is six per cent. only.

THIS was an action of assumpsit on an account for $258.85 with interest from the 1st day of January 1862. In the year 1861 the defendants, W. & A. Thatcher, were engaged in building a gunboat in the City of Wilmington under a contract with the Government of the United States, and

through an agent in that city, purchased of the plaintiff, Edwin M. Barstow, who was engaged in the ship-chandler business in the City of New York, the bill of goods in question, which consisted of copper bolts and composition nails, and were used by them in the construction of the gunboat. The agent was also engaged in the ship-chandler business in Wilmington and usually bought such articles of the plaintiff on a credit of six months. In December 1861 the plaintiff called upon the defendants and requested the payment of the account, with which they declined to comply, and being asked by him for the note of the firm for the amount of it, replied that they could not give it, and that they should not pay it until the Government paid them for the gunboat. During the same month, however, the agent afterward wrote to the plaintiff at the instance of the defendants, that if he would send them a statement of the account, they would send him some money; in reply to which he sent them on the 21st of the month a statement of it with certain deductions on the price of such articles according to usage, upon which the credit or time allowed for the payment of them had not then expired, with the expectation that the account would be paid by the close of the month, which amount was afterward paid by them, on the 1st day of June, 1862.

*Patterson* for the plaintiff. The action was for the difference between the amount paid by the defendants on the first of June, 1862, and the amount due on the account without the deductions referred to in anticipation of its being paid within the six months, with interest at seven per cent., the New York rate.

*T. F. Bayard* for the defendants. Although there was no positive proof in regard to the matter, the understanding and agreement between the parties doubtless was, and must have been, that the defendants were to pay the account in question, when they received payment for the gunboat from the Government, and that such was the agreement,

there was strong presumptive evidence in the facts proved, for the plaintiff never presented this, or any other demand for this interest on the account until after the principal of it had been paid by the defendants, in June 1862; and also in the fact proved that when the defendants refused to pay it, or to give their note for the amount of it to the plaintiff in their interview on the subject, in the month of December preceding, and distinctly declared that they would not pay it until the Government paid them, the plaintiff made no reply or objection to it, but silently acquiesced in it. And as it was generally well known, that the Government never paid interest to its creditors on such contracts, the plaintiff could not reasonably expect under the circumstances to be paid interest on the account by the defendants, and was therefore not entitled to demand it of them. *Black's Exr's. v. Reybold* 3 *Harr.* 530. But if entitled to it, he could only recover according to the rate established by the laws of this State.

*Patterson.* There was no proof whatever of such an agreement or understanding between the parties. On the contrary, the testimony of the agent through whom the account was made on behalf of the defendants, clearly negatived such an inference, for he had as much as said that according to his understanding of the matter, it was to be on a credit of six months, which was certainly a very liberal, as well as the usual credit allowed by the plaintiff, on the sale of such articles. But the amount now demanded by him, was not for interest on the principal of the account first tendered by him to the defendants, as represented by the counsel on the other side, but it was the discount or rebatement allowed in that account in the expectation, and in consideration of its being paid on the expiration of the usual credit of six months, or by the close of December 1861, with interest on the account exclusive of those reductions, after six months from the making of it at seven per cent., the rate established in New York.

*The Court, Gilpin C. J.,* charged the jury, that if it was

the practice or usage of the plaintiff in his business, without any special or express agreement, to sell such articles at six months credit, and they were sold to the defendants without any agreement or understanding between them and the plaintiff that they were to be allowed a longer or an indefinite credit, or until they should be paid by the Government for building the gunboat referred to, the plaintiff would be entitled to recover interest on the account from the time when such six months credit expired, for what was understood among merchants generally as rebatement or discount on mercantile accounts in such cases, was nothing more than certain deductions in price usually allowed by a merchant to his customer or one who is in the practice of dealing with him. As to the rate of the interest, if the contract was made in New York, it should be seven, but if in this State, it should be six per cent. only.